IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>MARLOS D. HOOTEN,<br><br>**Defendant.** | Case No. 3:19-CR-30053-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion for Revocation of Detention Order filed by Defendant Marlos Hooten (Doc. 76). Hooten asks the undersigned Chief District Judge to review Magistrate Judge Mark A. Beatty's Detention Order *de novo* and release him on bond subject to home incarceration or any other conditions the Court finds appropriate. The Government opposes the motion (Doc. 77). For the reasons set forth below, the motion is denied.

### BACKGROUND

On April 16, 2019, Hooten was indicted by grand jury on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1). After a detention hearing, Hooten was released on bond (Doc. 13). As a condition of his release, Hooten was to avoid all contact, directly or indirectly, with any person who is or may be a victim, witness, or defendant in the investigation or prosecution (Doc. 15).

On July 9, 2020, Hooten appeared before Magistrate Judge G. Sison with regard to bond violations. As a result of that hearing, Hooten's bond conditions were specifically

modified to prohibit contact with Jasmine Sherrod, Hooten's former girlfriend and a potential government witness (Doc. 76-1 at p. 8). Hooten also was to refrain from operating a motor vehicle without first obtaining a valid driver's license or insurance (*Id.* at p. 9). Just three weeks later, however, Hooten drove his uncle's vehicle to Sherrod's place of employment without a valid driver's license or insurance (Doc. 44). Sherrod retrieved some of her personal possessions, and an argument ensued (Doc. 77). As a result of this conduct, the Government moved to revoke Hooten's bond (Doc. 44). After holding a hearing and considering the evidence, Judge Beatty granted the Government's motion to revoke bond and ordered Hooten to be detained (Doc. 48).

Hooten now asks the undersigned to review the detention order *de novo*, revoke the detention order, and release him on bond subject to home incarceration (Doc. 76). Hooten argues that, since he pleaded guilty on September 16, 2020, the basis for his bond revocation has now evaporated. That is, the requirement that he not communicate with a potential trial witness is no longer an issue.

In response, the Government argues there is no clear and convincing evidence that Hooten will not flee or pose a danger to others or the community (Doc. 77). When Hooten met with Sherrod, he apparently stated: "If I am going to get five years because of you, I am going to do something to deserve it or I will have one of my people do something to you." (*Id.*). Then, when questioned about the contact, Hooten not only initially denied it but became enraged (*Id.*). The U.S. Probation Officer was unable to de-escalate the situation and as a result, Hooten was ordered to appear at the U.S. Probation Office (*Id.*). There, Hooten continued to deny his activity (*Id.*). He finally told the truth, but not before

expressing multiple times that he was "not trying to go back to jail." (*Id.*). The Government asserts that releasing Hooten on bond poses an unnecessary risk of additional criminal conduct, including additional allegations of domestic violence and violations of traffic laws (*Id.*).

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The Court reviews the magistrate judge's detention order *de novo*. "This review may be conducted by reviewing the prior record already considered by the magistrate judge and making a fresh finding on a complete record." *United States v. Correa*, No. 12-CR-20075, 2013 WL 869956, at *3 (C.D. Ill. Mar. 7, 2013) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

## DISCUSSION

Under 18 U.S.C. § 3143(a), a person who has been found guilty of an offense and who is awaiting imposition of sentence, other than a person for whom the applicable guideline does not recommend a term of imprisonment, shall be detained unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a). In other words, the Court must consider whether Hooten's anticipated guideline sentence will recommend a term of imprisonment and, if so, whether there is clear and convincing evidence that Hooten is not likely to flee or pose a danger to the community or another person. *See id.*

Here, Hooten's anticipated guideline sentence includes a term of imprisonment, as noted in his plea agreement (Doc. 59). Thus, in order to be released, the Court must find there is no clear and convincing evidence that Hooten is not likely to flee or pose a danger to the community or another person.

The Court cannot make such a finding here. Hooten reportedly expressed his unwillingness to return to jail multiple times while being questioned by Probation about his contact with Sherrod. He also apparently has no qualms about driving without a license or insurance. Therefore, the Court is not convinced that Hooten would not flee. Moreover, and importantly, Hooten threatened to harm Sherrod and became enraged when confronted with his bond violation. On this basis alone, the Court is concerned that Hooten poses harm to another if he were to be released. Because there is no clear and convincing evidence that Hooten is not likely to flee or pose a danger to the community or another person, his motion must be denied.

## Conclusion

For these reasons, the Motion for Revocation of Detention Order filed by Defendant Marlos Hooten (Doc. 76) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   January 4, 2021

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**